IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NISHITH PATEL, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-25-897 |
| ANNE ALBRIGHT, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

On February 14, 2025, Nishith Patel filed suit against Judges Anne Albright, Theresa Chernosky, Stuart Berger, Mary Ellen Barbera, George Jarrod Hazel, and Harvie Wilkinson III in the U.S. District Court for the District of Massachusetts. ECF 1. On March 17, the District of Massachusetts transferred the action to this Court pursuant to 28 U.S.C. § 1404(a) because "[t]he named defendants are current or former Maryland state court judges, a [former] United States District Judge for the District of Maryland, and a United States Circuit Judge for the Fourth Circuit"; "the complaint arises entirely from Plaintiff's dissatisfaction with judicial rulings issued by the courts of Maryland, the District of Maryland, and the Fourth Circuit"; and "the decision to file in the district is clearly an attempt at forum shopping." ECF 14. Patel then filed a motion to transfer the case back to Massachusetts so that he may file an appeal of the Massachusetts's court's order transferring the case and denying his motion for default judgment. ECF 20. Because the Court lacks jurisdiction to grant the relief Patel seeks, as would any federal district court, the complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court does not reach the motion to transfer.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Patel asks for a federal court order directing the

Maryland state court to dismiss its orders, remove one of its judges from a family law case, and reinstate Patel's shared physical and legal custody of his daughter. ECF 1, at 14–15. He also seeks review of a federal district court judge's order and a Fourth Circuit order. *Id.* Matters of family law traditionally have been reserved to the state or municipal court systems. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under "the domestic relations exception" to federal jurisdiction, federal courts do not have the power to intervene in child custody or visitation decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) (recognizing the "domestic relations" exception to federal jurisdiction in part because, "as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals . . . in handling issues that arise in the granting of such decrees"). Therefore, the Court has no jurisdiction over these claims and must dismiss them. *See id.*; Fed. R. Civ. P. 12(h)(3).[1]

Accordingly, it is, this 25th day of June, 2025, hereby ORDERED:

1. The complaint is DISMISSED without prejudice; and

2. The Clerk shall MAIL a copy of this Order to Patel and shall CLOSE this case.

　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　Deborah L. Boardman
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Even if the Court had jurisdiction, Patel's claims against the defendants, all of whom are current or former judges, are barred by the doctrine of judicial immunity. *See Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) ("'[J]udges are absolutely immune from suit for a deprivation of civil rights' for actions taken within their jurisdiction." (quoting *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992))); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.").